IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERTO CEPEDA,

    Plaintiff,

v.　　　　　　　　　　　　　　　　Case No. 5:17-cv-266-RH-GRJ

STATE OF FLORIDA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* complaint under 42 U.S.C. § 1983. (ECF No. 1.) Although Plaintiff paid the filing fee, the Court invoked its inherent authority to screen the complaint to determine whether the case was patently frivolous. *See Cuyler v. Aurora Loan Servs.*, LLC, 2012 WL 10488184, at *2 (11th Cir. Dec. 3, 2012) (notwithstanding filing fee payment, "a district court has the inherent authority to dismiss a patently frivolous complaint"); *Jefferson Fourteenth Assocs. v. Woltco de Puerto Rico, Inc.*, 695 F.2d 524, 526 (11th Cir. 1983) (district courts have inherent power to dismiss sua sponte frivolous suits without giving notice to the parties).

Upon screening the complaint the Court identified several deficiencies and directed Plaintiff to file an amended complaint by

November 17, 2017, if he wished to pursue his case. (ECF No. 3.) The Court warned Plaintiff that failure to comply within the allotted time, or to show cause why he was unable to comply, would result in a recommendation to the district judge that the case be dismissed without further notice for failure to prosecute and failure to comply with an order of the Court. (*Id.*)

By November 28, 2017, however, Plaintiff had not filed an amended complaint. The Court then ordered Plaintiff to show cause in writing by December 19, 2017, as to why this case should not be dismissed for failure to comply with a court order and for failure to prosecute. (ECF No. 4.) The Court again warned Plaintiff that failure to respond within the allotted time would result in a recommendation to the district judge that the case be dismissed for failure to comply with an order of the Court and for failure to prosecute. (*Id.*) As of the date of this report and recommendation Plaintiff has failed to respond.

A district court has inherent power to control its docket, which includes dismissing a case. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 998 (11th Cir. 1983). The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction

is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967). Despite a clear directive to file an amended complaint, and despite a clear warning that failure to comply with the Court's order would result in a recommendation that the case be dismissed, Plaintiff has failed to comply.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to comply with a Court order and for failure to prosecute.

**IN CHAMBERS**, this 12th day of January 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.